[No. 5271.]

EMIL HARRIS AND J. L, WILLIAMS v. J. F. BURNS.

FINDING OF FACTS.—If a sheriff is sued for wrongfully taking personal property, and answers that he took the same by virtue of an attachment, and that the goods were the property of the defendant in the attachment, who had fraudulently sold them to the plaintiff, the court must find on the issue of fraud thus raised.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Action to recover damages for the wrongful taking of personal property.   The defendant pleaded that he was sheriff, and that he took the goods by virtue of an attachment in the suit of *Morrison* v. *Packard,* and that the goods were Packard's, and that Packard had sold them to the plaintiffs to defraud the creditors.   The Court found that the goods were the property of the plaintiffs, but failed to find whether the sale was fraudulent.

The plaintiff had judgment and the defendant appealed.

*Roche & Robinson,* for the Appellant.

Since the adoption of the Codes, if the facts are found by the court, it must affirmatively appear that the finding supports the judgment.   No finding in such case will be implied.   (*Campbell* v. *Buckman,* 49 Cal. 362; *North Pac. R. R. Co.* v. *Reynolds,* 50 Cal. 90.

It was not sufficient to find that respondents were the owners and in possession of the goods; but the *bona fides* of the transaction by which they became vested with such possession, and ownership should have been determined. Therefore, to find that on a certain day respondents were the owners of the goods, and that appellant then seized

and sold them under judicial process, running against the vendor of respondents, is not sufficient to entitle respondents to judgment, when the issue is, whether the sale to respondents was in fraud of creditors. (Bump, Fraud. Conv. 451–455.)

*Brunson and Eastman,* for the Respondents.

By the Court:

The court having omitted to find upon the issue of fraud, set up in the answer of the defendant, the judgment and order are reversed and cause remanded for new trial.